UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, a California non-profit, and CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES FOREST SERVICE, DALE BOSWORTH, in his official capacity as Chief of the United State Forest Service, and JOHN BERRY, in his capacity as Forest Supervisor for El Dorado National Forest,<br><br>    Defendants. | No. CIV-S-05-1608 MCE/PAN<br><br><br><br><br><br>**ORDER** |

This matter came on for a noticed hearing based upon a request by Plaintiffs for the issuance of a temporary restraining order pending the Court's determination of whether a preliminary injunction should issue. Plaintiffs appeared by and through their attorney of record, Rachel M. Fazio, and Defendants appeared telephonically by and through their attorney of record, Jeffrey S. Dillen.

1

1   This case arises out of two projects being implemented by
2 the United States Forest Service ("Forest Service") known as the
3 "Power Restoration Project" and "Fred's Fire Restoration Project"
4 ("Projects").  The Projects are in response to two major forest
5 fires which occurred in the El Dorado National Forest during
6 October of 2004.
7   The Forest Service authorized the Projects to conduct
8 commercial timber harvests of dead and dying trees which would
9 help to reduce fuels for future fires, reduce soil erosion and,
10 at the same time, make improvements to roads in the affected
11 areas.  The Forest Service claims that time is of the essence for
12 the Projects due to continuing degradation of the quality of the
13 timber and future winter weather conditions.  Plaintiffs brought
14 this action against the Forest Service based in part upon what
15 they consider to be an inadequate review of the potential impact
16 of the Projects on several species which rely on "exceedingly
17 rare snag forest habitat" which only occurs after forest fires.
18    Plaintiffs also claim that in authorizing the Projects, the
19 Forest Service failed to adequately take into consideration
20 protected activity centers for the California Spotted Owl.
21    Finally, plaintiffs claim that the Forest Service has
22 violated the Sierra Nevada Framework and the El Dorado National
23 Forest Plan by failing to conduct population inventories for
24 Management Indicator Species.  More specifically, Plaintiffs
25 allege that the Forest Service has failed to collect required
26 population trend data and has relied instead on an incorrect
27 habitat analysis.
28 ///

1    In Plaintiffs view, unless a temporary restraining order
2 (and ultimately a preliminary injunction) is issued, the timber
3 harvests proposed by the Forest Service Projects will cause an
4 irreparable environmental injury for which monetary damages will
5 be inadequate.  The Forest Service takes a contrary view that
6 injunctive relief will not be required in either case because the
7 Projects have taken into consideration all environmental factors
8 and are in full compliance with all applicable regulations.
9    The standard for granting a temporary restraining order is
10 essentially the same as that used for granting a preliminary
11 injunction.  Specifically, a Plaintiff must prove either 1) a
12 combination of probable success on the merits and the possibility
13 of irreparable injury, or 2) that serious questions are raised
14 and the balance of hardships tips sharply in its favor.
15 Stuhlbarg Int'l Sales Co. V. John D. Brush & Co., Inc., 240 F.3d.
16 832, 839 (9th Cir. 2001).
17    Inasmuch as this case involves logging of timber in a
18 National Forest after a severe forest fire, the Court finds that
19 the issues presented are directly related to various public
20 interests.  These interests include, but are not limited to,
21 future fire suppression, erosion, and protection of private
22 property. The Court must therefore determine whether the balance
23 of hardships versus the public interests support the issuance of
24 injunctive relief.  Caribbean Marine Services v. Baldridge, 844
25 F.2d 668.  674 (9th Cir. 1988).
26 ///
27 ///
28 ///

3

1  After reviewing the moving papers, the papers in opposition
2 and after hearing oral argument, it is clear to the court that
3 there are many questions that require a more thorough analysis.
4 Plaintiffs and defendants have submitted experts to the court who
5 are diametrically opposed in their viewpoints on what is best for
6 the land and/or whether all applicable Federal regulations have
7 been followed. (At the present time, two Projects are underway
8 with a third to begin at any time. The time frame for the
9 completion of the Projects is the end of October 2005.)

10  Based upon the foregoing, the Court finds that serious
11 questions have been raised by plaintiffs as to whether all
12 applicable regulations have been followed by defendants and the
13 balance tips sharply in favor of the public interest involved.
14 The simple fact is, once the timber is harvested, there can be no
15 "do-over" if it is ultimately determined that proper procedures
16 were not followed when the Projects were authorized.  The Court
17 must get this right the first time and a short delay is a
18 relatively small price to pay when compared to the potential for
19 irreparable injury.

20  1.  A temporary restraining order shall issue forthwith
21 enjoining defendants from commencing or continuing any and all
22 cutting of timber associated with the Power Restoration Project
23 and/or the Fred's Fire Restoration Project.  As this case
24 involves the public interest, no bond shall be required by
25 Plaintiff.  This temporary restraining order shall remain in
26 effect until the hearing on a preliminary injunction which is set
27 for August 25, 2005 at 10:00 a.m. in Courtroom 3.
28 ///

4

1    2.   The Court will permit the parties, if they so desire, to
2 file supplemental briefs on the issues raised during oral
3 argument provided that the briefs do not to exceed twenty (20)
4 pages in length, including all attachments and/or exhibits.
5 Briefs exceeding twenty (20) pages may not be considered by the
6 Court.  Plaintiffs shall electronically file any supplemental
7 brief not later than 4:00 p.m. on August 19, 2005.  Defendants
8 shall electronically file any supplemental brief not later than
9 4:00 p.m. on August 22, 2005.
10   3.   Any timber which has been harvested prior to the
11 issuance of this temporary restraining order may continue to be
12 removed from the Project areas.
13   4.   Any work currently underway and/or necessary to repair
14 roads in the Project areas to reduce erosion and/or improve
15 watershed conditions may continue or begin as required.
16   5.   Defendants may continue with the bidding process
17 for future timber harvests in the Project area provided that no
18 timber is actually harvested pending further order of this court.
19     This temporary restraining order is effective as of 11:30
20 a.m. on Thursday, August 18, 2005.
21     IT IS SO ORDERED.
22 DATE: August 18, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

5