UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EARTH ISLAND INSTITUTE,
a California non-profit;
and CENTER FOR BIOLOGICAL
DIVERSITY, a non-profit
corporation,

    Plaintiffs,

  v.

UNITED STATES FOREST SERVICE;
DALE BOSWORTH, in his official
capacity as Chief of the U.S.
Forest service; and JOHN BERRY,
in his capacity as Forest
Supervisory for the Eldorado
National Forest,

    Defendants.

SIERRA PACIFIC INDUSTRIES,

    Defendant-Intervenor,

  and

TUOLUMNE COUNTY ALLIANCE FOR
RESOURCES AND ENVIRONMENT;
SIERRA RESOURCE MANAGEMENT, INC.;
TUOLUMNE COUNTY CHAMBER OF COMMERCE;
and CALIFORNIA FOREST COUNTIES
SCHOOLS COALITION,

    Applicants for Intervention.

No. 2:05-cv-1608-MCE-GGH

ORDER

----oo0oo----

Plaintiffs Earth Island Institute and Center for Biological Diversity ("Plaintiffs") seek, through the present action, to preclude Defendants from proceeding with the sale of salvage timber resulting from the 2004 Freds and Power Fires in the Eldorado National Forest. While this Court initially denied Plaintiffs' request for a preliminary injunction prohibiting any logging attendant to the salvage project, the Ninth Circuit subsequently reversed that decision and directed the Court to issue a preliminary injunction consistent with its opinion. See Earth Island Inst. v. U.S. Forest Serv., 442 F.3d 1147, 1178 (9th Cir. 2006). The Ninth Circuit ordered that its injunction pending appeal remain in effect for thirty days following the July 31, 2006 remand of the case for further disposition.

On July 20, 2006, after the Ninth Circuit's opinion was issued but before remand occurred, the Tuolumne County Alliance for Resources and Environment, Sierra Resource Management, Inc., the Tuolumne County Chamber of Commerce, and the California Forest Counties Schools Coalition (hereinafter collectively referred to as "Intervenor Applicants") moved to intervene either as a matter of right under Federal Rule of Civil Procedure 24(a)[1] or permissively pursuant to Rule 24(b). Intervenor Applicants have specifically limited the scope of their request to the issue of whether any preliminary injunctive relief ordered by this Court should be made contingent on Plaintiffs' posting of a substantial surety bond in accordance with Rule 65(d). Motion, 1:17-19.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

2

An applicant has the right to intervene under Rule 24(a) if 1) the intervention request is made in a timely fashion; 2) a "significantly protectable" interest related to the subject matter of the litigation is asserted; 3) disposition of the matter may impair or impede the applicant's interest in the absence of intervention; and 4) if the applicant's interest is not adequately represented by existing parties. Wetlands Action Network v. U.S. Army Corps of Eng'rs, 222 F.3d 1105, 1113-14 (9th Cir. 2000). Private parties may not, however, intervene as a matter of right in an action alleging NEPA violations on grounds that such parties do not have the requisite significantly protectable interest in NEPA compliance actions. Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir. 2004). Because Intervenor Applicants are private parties, and given the fact that the claims sought to be asserted in this action do implicate NEPA, intervention here as a matter of right appears inappropriate.

Permissive intervention under Rule 24(b), however, "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." SEC v. U.S. Realty & Improvement Co., 310 U.S. 434, 459 (1940). Consequently permissive intervention may be allowed here even in the face of allegations sounding under NEPA.

An applicant seeking permissive intervention must satisfy three threshold requirements: 1) the motion must be timely; 2) the court must have an independent basis for jurisdiction over the applicant's claims; and 3) the intervenor's interests must share a common question of law or fact with the main action.

3

1  Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998).  The
2  district court has broad discretion to grant permissive
3  intervention if these factors are met.  See Spangler v. Pasadena
4  City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977).
5       The threshold requirements for permissive intervention on
6  Intervenor Applicants' part appear to have been satisfied.
7  Although the instant action was filed in August of 2005, the
8  issue on which Intervenor Applicants desire to be heard (the size
9  of any surety bond to be posted as a condition to preliminary
10 injunctive relief) became ripe only with the Ninth Circuit's July
11 31, 2006 remand of this case for entry of a preliminary
12 injunction, and Intervenor Applicants' Motion was filed on July
13 20, 2006, before that remand even occurred.  Consequently
14 Intervenor Applicant's limited intervention request is timely.
15 Although under the terms of the Ninth Circuit's remand a decision
16 as to the preliminary injunction had to be rendered within thirty
17 days, and while a preliminary injunction was accordingly issued
18 by this Court on August 31, 2006, the nominal $1,000.00 surety
19 bond required at that time was specifically made subject to
20 increase following further briefing, given the instant
21 intervention request.
22      In addition, because Intervenor Applicants assert that
23 halting the proposed logging through a preliminary injunction
24 impacts their various concerns, primarily with respect to the
25 economic livelihood of businesses and individuals within the
26 greater area where logging is to occur, the remaining
27 prerequisites (common issues and independent jurisdictional
28 grounds) are also met.

4

In exercising its discretion to allow permissive intervention, the Court recognizes that logging, or the cessation thereof, can impact large and varied interests, including those advanced by Intervenor Applicants.  The Court has also considered the fact that Intervenor Applicants' intervention requested is directed to one limited and discrete issue; namely, how large a surety bond should be required in connection with the preliminary injunction.  Ensuring that all competing interests are heard will contribute to the just and equitable resolution of this case.  Consequently permissive intervention will be allowed, and the motion presently before the Court is granted.[2]  Intervenor Applicants are directed to file their Proposed Opposition to Preliminary Injunction Without Surety Bond forthwith.

In permitting such intervention, however, the Court must still consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Fed. R. Civ. P. 24(b)(2).  Plaintiffs must be given adequate opportunity to respond to Intervenor Applicants' request for an additional surety bond.

///
///
///
///
///
///

---

[2] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

A hearing on whether such a bond will be required is therefore set for September 25, 2006.  Plaintiffs' Reply to Intervenor Applicants' Opposition, if any, shall be filed prior to that hearing date in accordance with the provisions of Local Rule 78-230(d).

IT IS SO ORDERED.

DATED: September 8, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

6