UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, a California non-profit; and CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation, | No. 2:05-cv-1608-MCE-GGH |
| Plaintiffs, | |
| v. | ORDER |
| UNITED STATES FOREST SERVICE; DALE BOSWORTH, in his official capacity as Chief of the U.S. Forest service; and JOHN BERRY, in his capacity as Forest Supervisory for the Eldorado National Forest, | |
| Defendants. | |
| SIERRA PACIFIC INDUSTRIES, | |
| Defendant-Intervenor, | |
| and | |
| TUOLUMNE COUNTY ALLIANCE FOR RESOURCES AND ENVIRONMENT; SIERRA RESOURCE MANAGEMENT, INC.; TUOLUMNE COUNTY CHAMBER OF COMMERCE; and CALIFORNIA FOREST COUNTIES SCHOOLS COALITION, | |
| Defendant-Intervenors. | |

Through the present Motion for Reconsideration, Intervenor Defendants Tuolumne County Alliance for Resources and Environment, Sierra Resource Management, Inc., Tuolumne County Chamber of Commerce and California Forest Counties Schools Coalition (hereinafter "Intervenors") ask this Court to reconsider, under Federal Rule of Civil Procedure 59(e) and Local Rule 78-230(d), its prior November 20, 2006 order denying Intervenors' request for an increase in the surety bond in this matter, previously set at $1,000.00 as to Plaintiffs Earth Island Institute and the Center for Biological Diversity ("Plaintiffs").[1]

Intervenors' argument in favor of reconsideration is two-fold. First, by submitting the Declaration of Joy Urquhart, a certified public accountant, Intervenors argue that an increased bond would in fact pose no financial hardship to Plaintiff Earth Island, despite Plaintiffs' argument to the contrary as articulated in their original response to Intervenors' demand for bond augmentation. Intervenors claim that in light of the briefing scheduled imposed in connection with their initial request they were not afforded an adequate opportunity to respond to Plaintiffs' position. Second, Intervenors assert that the Court relied too heavily on Plaintiffs' likelihood of success on the merits in declining to order an increased bond.

///
///
///

---

[1] Defendant Intervenor Sierra Pacific Industries also joined in Intervenors' reconsideration request.

1        Absent "highly unusual circumstances," reconsideration
2   pursuant to Rule 59(e) is appropriate only where 1) the court is
3   presented with newly discovered evidence; 2) the court committed
4   clear error or the initial decision was manifestly unjust; or 3)
5   there is an intervening change in controlling law.  <u>Sch. District</u>
6   <u>No. 1J, Multnomah County v. Acands, Inc.</u>, 5 F.3d 1255, 1263 (9th
7   Cir. 1993) (citations and quotations omitted).  Mere
8   dissatisfaction with the court's order, or a belief that the
9   court is wrong in its decision, are not grounds for relief under
10  Rule 59(e).  A motion for relief under Rule 58 is addressed to
11  the sound discretion of the district court.  <u>See</u> <u>Turner v.</u>
12  <u>Burlington N. Santa Fe R.R.</u>, 338 F.3d 1058, 1063 (9th Cir. 2003).
13       While Intervenors attempt to style the revelations alleged
14  by Joy Urquahart in her declaration as newly-discovered evidence
15  coming within the purview of Rule 59(e), Plaintiffs have
16  responded with a declaration, from Earth Island's own accountant,
17  Carl T. Ho, which disproves the basis for Ms. Urquahart's
18  allegation that Earth Island has sizable reserves of unrestricted
19  assets and available cash with which an additional bond could be
20  funded.  The Court finds Mr. Ho's position to be persuasive and
21  hence rejects the basis for Intervenors' claim of newly-
22  discovered evidence.
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

3

 Moreover, with respect to Intervenors' contention that the Court placed undue reliance on Plaintiffs' likelihood of success in this matter, and consequently committed clear error, a proper reading of the Court's November 26, 2006 Order compels a conclusion that the likelihood of success was just one factor taken into consideration in denying Intervenors' request for an additional bond.  The Court also considered evidence presented by Plaintiffs' financial officers regarding the availability of funds and the hardship that would be endured if a sizable bond was imposed, as well as authority rejecting substantial bonds in NEPA cases if such bonds would have the effect of precluding meaningful and effective judicial review.

 For all these reasons, Intervenors' Motion for Reconsideration is DENIED.[2]  The amount of surety bond shall be maintained as posted in the amount of $1,000.00.  Additionally, given the fact that intervention was granted as to Intervenors Tuolumne County Alliance for Resources and Environment, Sierra Resource Management, Inc., Tuolumne County Chamber of Commerce and California Forest Counties Schools Coalition as to the issue of the amount of the surety bond in this matter, only, and inasmuch as that issue has been resolved, said Intervenors are hereby dismissed as parties to this litigation.

 IT IS SO ORDERED.

Dated: March 8, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

4