RACHEL M. FAZIO, Esq. SB # 187580
John Muir Project
P.O. Box 697
Cedar Ridge, CA 95924
Phone:   (530) 273-9290

Attorney for Plaintiffs

RONALD J. TENPAS
Acting Assistant Attorney General
STACEY BOSSHARDT
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Phone: (202) 305-2912

Attorneys for Federal Defendants
[Additional Counsel for Federal Defendants on next page]

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH ISLAND INSTITUTE, a California non-profit, and CENTER FOR BIOLOGICAL DIVERISITY, a non-profit corporation<br>           Plaintiffs,<br><br>           vs.<br><br>UNITED STATES FOREST SERVICE, ABIGAIL R. KIMBELL, in her official capacity as Chief of the United States Forest Service, and RAMIRO VILLALVAZO, in his capacity as Forest Supervisor for Eldorado National Forest<br>           Defendants,<br><br>SIERRA PACIFIC INDUSTRIES,<br><br>           Defendant-intervenor. | Case No.: 2:05-cv-01608-MCE-GGH<br><br>**SETTLEMENT AGREEMENT; AND ORDER** |

Settlement Agreement- 1

Rachel M. Fazio
P.O. Box 697
Cedar Ridge, CA 95924
(530) 273-9290

1  MCGREGOR W. SCOTT
   United States Attorney
2  DAVID T. SHELLEDY
3  Assistant United States Attorney
   501 I Street, Suite 10-100
4  Sacramento, California 95814
   Phone: (916) 554-2799
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Settlement Agreement- 2                                              Rachel M. Fazio
                                                                     P.O. Box 697
                                                                     Cedar Ridge, CA 95924
                                                                     (530) 273-9290

WHEREAS, in August of 2005 the United States Forest Service issued Records of Decision for the Power Fire Restoration Project and the Freds Fire Restoration Project, two post-fire salvage logging projects on the Eldorado National Forest;

WHEREAS, on August 11, 2005, Earth Island Institute and Center for Biological Diversity (hereafter "Plaintiffs") brought suit against United States Forest Service, Abigail R. Kimbell, in her official capacity as Chief of the United States Forest Service, and, Ramiro Villalvazo, in his capacity as Forest Supervisor for Eldorado National Forest (hereafter "Defendants") challenging the Power Fire Restoration Project and the Freds Fire Restoration Project contending, *inter alia,* that Defendants' approval of the projects violated the National Environmental Policy Act ("NEPA") and the National Forest Management Act ("NFMA");

WHEREAS, on August 18, 2005, the District Court granted a Temporary Restraining Order against implementation of timber sales pursuant to the Power Fire Restoration Project and the Freds Fire Restoration Project;

WHEREAS, on August 25, 2005, the District Court denied Plaintiffs' request for a Preliminary Injunction;

WHEREAS, on September 10, 2005, Plaintiffs filed a Notice of Appeal to the Ninth Circuit Court of Appeals;

WHEREAS, on September 22, 2005, the Ninth Circuit Court of Appeals denied Plaintiffs' request for an emergency stay pending appeal;

WHEREAS, on January 11, 2006, the Ninth Circuit Court of Appeals, reversed its earlier order and granted Plaintiffs' request for an emergency stay pending appeal;

WHEREAS, on March 24, 2006, the Ninth Circuit Court of Appeals reversed the District Court's denial of Preliminary Injunction finding that Plaintiffs had shown a strong likelihood of success on the merits of their claims and had established the possibility of irreparable harm, and Remanded the matter for proceedings consistent with the Ninth Circuit opinion;

WHEREAS, on July 12, 2006, the Ninth Circuit Court of Appeals denied Defendants' request for en banc review;

WHEREAS, on August 31, 2006, the United States District Court issued a Preliminary Injunction enjoining both the Power and Freds projects;

WHEREAS, on March 19, 2007, the United States Supreme Court denied Defendants' request for a writ of certiorari;

NOW, THEREFORE, the parties agree to the following:

1. The Forest Service and Sierra Pacific Industries will be allowed to proceed with limited operations pursuant to the salvage timber sales sold to implement the Power Fire Restoration Project and the Freds Fire Restoration Project only as detailed herein:

   a) The timber sale contracts for the Power Fire project shall expire as follows: East Panther timber sale [July 31, 2007], Ellis East timber sale, [July 31, 2007]; Cole Creek timber sale [July 31, 2007]; Bear River timber sale [October 31, 2007]; Rocky Knob timber sale [October 31, 2007]; and Camp timber sale [July 30, 2007]. No additional logging pursuant to these contracts shall occur, except as provided in paragraph (c) below. Slash treatment activities, erosion control, and/or road maintenance activities required of the Purchaser pursuant to these contracts shall be

completed by the contract termination dates listed above.

b) Within the Freds Fire Project Area no additional logging of timber sale units pursuant to the Freds and Pebbles timber sale contracts shall occur. The Freds and Pebbles timber sale contracts shall expire in their entirety July 30, 2007, and July 31, 2007 respectively. These contracts cannot be renewed for additional time beyond these dates, except to allow for the completion of slash removal or slash treatment activities, erosion control, and/or road maintenance activities (not including hazard tree removal) as prescribed by the original contract. Any and all contract extensions shall expire by December 31, 2007. No logging shall be allowed pursuant to any extended contracts. Plaintiffs shall be notified of such proposed contract extensions and shall be allowed to review the extension to ensure that it fully complies with this Settlement Agreement (hereafter "Agreement") prior to its issuance.

c) Removal of road side hazard trees within the Power Fire Project Area and the Freds Fire Project Area shall be allowed pursuant to the original timber sale contracts issued in 2005, as limited herein. For the purposes of this Settlement Agreement only, "hazard trees" are defined as dead trees with no green needles (i) that occur within one tree length of roadways which are maintained for public use and (ii) which are oriented in such a manner that they could fall on the roadway. Forest Service personnel shall mark the hazard trees prior to removal. Plaintiffs will have ten days (including weekends and holidays) to review the mark and lodge any objections with the Forest Service. Once felled, hazard trees greater than 40 inches diameter at breast height ("dbh") outside of Protected Activity Centers ("PACs") or 30 inches dbh within PACs will be left on-site for habitat, except that, outside of PACs, the tops of trees greater than 40 inches diameter which are 20 inches in diameter or smaller may be removed. The definition of "hazard trees" notwithstanding, this order does not preclude removal of individual trees that do not meet one or more of the criteria outlined above (e.g., trees with some green needles) if the parties agree that the tree or

trees pose a threat to public safety.  The roads along which hazard trees may be marked and felled are listed on Exhibit A, attached hereto. If the removal of hazard trees along roads listed in Exhibit A cannot be completed before the original timber sale contract corresponding with the road/roads expires, then those specific contracts may be extended until December 31, 2007.  In the event that the original timber contractor is unable or unwilling to remove recently designated hazard trees new contracts for hazard tree removal may be issued pursuant to the Power and Freds' FEISs and RODs, so long as they comply with this paragraph and expire on or before December 31, 2007.  Plaintiffs shall be notified if contract extensions are necessary or if it is necessary to issue new contracts and shall be allowed to review these documents to ensure that they fully comply with this Agreement prior to their issuance.  Erosion control, road maintenance and slash treatment associated with the roads listed in Exhibit A shall be permitted.

d) Within the Freds Fire Project Area, the Forest Service is permitted to remove trees up to 12 inches dbh and slash using hand methods within a 300-foot defense zone adjacent to private property boundaries in the community of Kyburz.

e) Within the Power Fire and Freds Fire Project Areas the Forest Service is permitted to burn existing slash piles.

f) Within the Power Fire Project Area, the Forest Service is permitted to perform road repair on road 8N16.

2. The Forest Service will not reissue or approve any other timber sales or projects pursuant to, or tiered to the Power FEIS and ROD or the Freds FEIS and ROD, except as provided in paragraph 1c, 1d and 1e above.  Extensions of current contracts shall be allowed pursuant to paragraph 1b and 1c above.

Settlement Agreement- 6

Rachel M. Fazio
P.O. Box 697
Cedar Ridge, CA 95924
(530) 273-9290

3.      The Forest Service shall pay attorneys' fees and costs to Plaintiffs in the amount of $147,000 (one hundred and forty seven thousand dollars) within sixty days of the entry of the Order herein ("Order").  Request for payment shall be made within seven (7) days of entry of the Order and payment shall be remitted to Rachel M. Fazio, Attorney at Law.  Plaintiffs acknowledge that payment of this amount to Rachel M. Fazio discharges in full all fees and costs applicable to this action, including fees and costs requested on Appeal.

4.      Nothing in this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Defendants obligate or pay funds, or take any other action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

5.      This written Agreement contains all of the agreements between the parties, and is intended to be the final and sole agreement between the parties.  The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

6.      The parties agree that it is appropriate to resolve and settle, on the terms set forth in this Settlement Agreement, all of the claims asserted by Plaintiffs in this action, without admission of liability on the part of Defendants, and without admission by Plaintiffs of the validity of any defenses to their claims.  This settlement does not represent an admission by Defendants as to the validity of legal claims raised by Plaintiffs.  This Agreement does not bar Plaintiffs from challenging, on all grounds, a decision by the Forest Service to approve any future timber sales or other projects within the Power Fire Area or the Freds Fire Area.

7.      Nothing in this Agreement shall be construed or offered in evidence in any proceeding as an admission or concession of wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement.  Defendants do not hereby waive any defenses they may have concerning the claims settled under this Agreement, the claims remaining to be litigated in this action, or any future claims brought by Plaintiffs against projects in the Power Fire or Freds

Fire project areas.  This Agreement is executed solely for the purpose of compromising and settling the claims pertaining to these two projects and nothing herein shall be construed as precedent in any other context.

8.     Plaintiffs dismiss with prejudice their Complaint for Declaratory and Injunctive Relief subject to this Court retaining jurisdiction over this matter for the sole purpose of enforcing the terms of this Agreement.

9.     Upon entry of the Order, Plaintiffs' bond of $1000 posted to the District Court on September 1, 2006 shall be refunded.

10.    The terms of this Agreement shall become effective upon approval by the Court of the stipulation of dismissal.

Dated this 10th day of September, 2007.

Respectfully Submitted,

By:  s/ Rachel M. Fazio                .
     Rachel M. Fazio
     Attorney for Plaintiffs
     Earth Island Institute and Center for
     Biological Diversity

By:  /s/ Stacey Bosshardt (as authorized 9/04/07)
     Stacey Bosshardt
     Attorney for Defendants
     United States Forest Service,
     Abigail R. Kimbell, in her official capacity
     as Chief of the United States Forest Service,
     and, Ramiro Villalvazo, in his capacity as
     Forest Supervisor for Eldorado National
     Forest

Settlement Agreement- 8

Rachel M. Fazio
P.O. Box 697
Cedar Ridge, CA 95924
(530) 273-9290

## ORDER

Based on the foregoing settlement agreement of the parties, and for good cause shown, the above stipulation to dismiss is hereby approved and it is so ordered.

DATED: September 12, 2007

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

Settlement Agreement- 9

Rachel M. Fazio
P.O. Box 697
Cedar Ridge, CA 95924
(530) 273-9290

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2007, I electronically filed the foregoing, with attached Exhibit A, with the clerk of the Court using the CM/ECF system, thus effecting service on all parties pursuant to Local Rule 5-135(a).

By: /s/ Rachel M. Fazio
Rachel M. Fazio
Attorney for Plaintiffs
Earth Island Institute and Center for Biological Diversity

Settlement Agreement- 10

Rachel M. Fazio
P.O. Box 697
Cedar Ridge, CA 95924
(530) 273-9290